Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JOSÉ DELGADO CARRIÓN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500134 | REVISIÓN JUDICIAL procedente de la División de Remedios Administrativos, Departamento de Corrección y Rehabilitación<br><br>Solicitud núm.: PA-73-250-15 |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de marzo de 2025.

Comparece el Sr. José Delgado Carrión (en adelante el señor Delgado Carrión o el recurrente), por derecho propio, mediante el recurso de revisión judicial de epígrafe, el cual acompañó con la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia,* la que declaramos *Ha Lugar.*

Por las razones que expondremos a continuación, determinamos desestimar el recurso de epígrafe ante la falta de jurisdicción.

**I.**

De una lectura minuciosa del expediente ante nuestra consideración, surge que el recurrente se encuentra confinado en el Centro de Ingreso Ponce 1000. Este nos expresa, mediante escrito sin título, que solicitó ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, la División) que se aplicara al cómputo de su sentencia, en la *Hoja de Control sobre Liquidación de Sentencias*, la bonificación por buena

conducta y asiduidad. Dicha petición fue realizada el 27 de enero de 2025 y se identificó con el número de código PA-73-250-15.

Surge, además, que el 13 de febrero de 2025 el petitorio fue recibido en la División. El 25 de febrero posterior, el señor Delgado Carrión presentó el recurso ante la institución carcelaria[1] y el 28 de febrero siguiente, ante este foro intermedio, solicitándonos acreditarle las bonificaciones a las que asegura tiene derecho.

Ahora bien, de los exiguos documentos provistos por el recurrente no se encuentra determinación o resolución alguna de la División en respuesta a su solicitud. Ello se debe a que, tal y como reconoce el recurrente en su súplica, no existe aún un dictamen final resolviendo su controversia. Así, el recurrente no nos colocó en posición para ejercer jurisdicción sobre controversia alguna. Más aún, con esta admisión entendemos que estamos ante un recurso prematuro.

Por tanto, examinado el recurso y al tenor de la determinación arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento. 4 LPRA Ap. XXII-B, R. 7(B)(5).

**II.**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22

---

[1] En el caso de personas confinadas se entenderá que sus recursos fueron presentados en la fecha de entrega en la institución carcelaria. *Álamo Romero v. Adm.de Corrección*, 175 DPR 314 (2009).

(2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal <u>antes de que el asunto esté listo para su adjudicación</u>. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, 4 LPRA Ap. XXII-B, R. 83, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

(...)

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

Por otro lado, la función rectora de la revisión judicial "es asegurarse de que las agencias actúan dentro del marco del poder delegado y consistentes con la política legislativa". *Pagán Santiago, et al v. ASR*, 185 DPR 341, 258 (2012). En ese sentido, el Tribunal de Apelaciones posee competencia para atender, mediante el recurso de revisión judicial, la revisión de las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas. Artículo 4.006 inciso (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley núm. 201-2003, según enmendada, 4 LPRA sec. 24y. Por último, destacamos que de igual manera dispone la Regla 56 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. Ap. XXII-B, R. 56.

Asimismo, la Sección 4.2 de la Ley núm. 38-2017, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), 3 LPRA sec. 9672, dispone:

> "Una parte adversamente afectada por una orden o **resolución final de una agencia** y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. [...]." [Énfasis nuestro]

En consecuencia, la decisión, resolución o dictamen de la agencia administrativa debe ser final para ser revisable ante esta *Curia*. "La Asamblea Legislativa limitó la revisión judicial exclusivamente a las órdenes finales de las agencias. Al así hacerlo, se aseguró de que la intervención judicial se realizará después de

que concluyeran los trámites administrativos y se adjudicaran todas las controversias pendientes ante la agencia. La intención legislativa consistió en evitar una intromisión indebida y a destiempo en el trámite administrativo por parte de los tribunales." *Comisionado de Seguros v. Universal,* 167 DPR 21 (2006). La norma prevaleciente en casos de falta de jurisdicción por prematuro es la de autolimitación judicial.

### III.

Nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que el mismo debe ser resuelto con preferencia a cualquiera otra cuestión, previo a entrar a considerar los méritos del recurso.[2] Esto, aun cuando las partes no lo hayan argumentado o solicitado. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345, 355 (2003).

Como mencionamos, surge del apéndice que el señor Delgado Carrión instó ante la División de Remedios Administrativos una *Solicitud de Remedio,* en la cual peticionó que se le aplique a la *Hoja sobre Liquidación de Sentencias* la bonificación por buena conducta y asiduidad. Sin embargo, el recurrente no acompañó la *Respuesta* final emitida por el Departamento en respuesta a su petitorio y en su escrito, señaló que el foro administrativo, al 25 de febrero de 2025, fecha de la entrega del recurso en la institución carcelaria, no le "han contestado". En este punto, precisa advertir que el recurso se presentó a doce (12) días naturales de haberse recibido la solicitud, cuando la División tiene veinte (20) días laborales para emitir la respuesta, según dispone el acápite 4 de la Regla XIII, *Procedimiento para Emitir Respuestas,* del *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los*

---

[2] Véase, *Shell v. Srio. Hacienda,* 187 DPR 109 (2012); *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012); y *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1 (2011).

*Miembros de la Población Correccional,* Reglamento Núm. 8583 de 4 de mayo de 2015.

Por tanto, resulta forzoso colegir que la División no ha emitido un dictamen final que podamos adjudicar en los méritos según explicamos en el derecho precedente.

En consecuencia, nos encontramos ante un recurso prematuro sobre el que no tenemos jurisdicción. Al igual que un recurso tardío, un recurso prematuro sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción. *Hernández Apellániz v. Marxuach Const. Co.*, 142 DPR 41 (1997).

**IV.**

Por los fundamentos antes expuestos, se desestima el presente recurso por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones